THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:11-CR-00028-FL
No. 2:14-CV-00037-FL

| | |
|---|---|
| JOEY LAMAR WHITE, ) | |
| ) | |
| Petitioner, ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the motion of Joey Lamar White ("Petitioner") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-72] and the Government's motion to dismiss [DE-83], to which Petitioner filed a response in opposition [DE-88]. The time for responding to the pending motions has expired; accordingly, the motions are ripe for review. These motions were referred to the undersigned and are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the Government's motion to dismiss be allowed and Petitioner's § 2255 motion be denied.

### I. BACKGROUND

On October 11, 2011, Petitioner pled guilty pursuant to a written plea agreement to count one of a three-count indictment charging him with conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846. [DE-19, -21]. As a part of the plea agreement, Petitioner agreed, *inter alia*, to

> waive knowingly and expressly the right to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range,

reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to defendant at the time of defendant's guilty plea.

Plea Agreement [DE-21] ¶ 2.c. On October 17, 2011, the court allowed Petitioner's counsel to withdraw [DE-23], and the following day new counsel entered an appearance [DE-24]. On February 21, 2012, the court allowed Petitioner's motion authorizing funding for investigative services. [DE-30, -31]. The court, on motion of Petitioner, also allowed several continuances of Petitioner's sentencing hearing. [DE-26, -29, -34, -35, -37, -38]. On August 21, 2012, Petitioner filed a sentencing memorandum and motion for variance. [DE-39]. On September 4, 2012, the district court denied the motion for variance and sentenced Petitioner to 480 months' imprisonment and five years' supervised release on count one, dismissed counts two and three, and entered judgment. [DE-48]; Sentencing Tr. [DE-55] 33:17, 35:12-20.

On September 7, 2012, Petitioner filed a notice of appeal [DE-46], and on June 26, 2013, the Fourth Circuit Court of Appeals affirmed the district court's sentence, *United States v. White*, 599 F. App'x 462 (4th Cir. June 26, 2013) (per curiam) (unpublished). On October 24, 2013, Petitioner filed a motion requesting court-appointed counsel to assist him in filing a § 2255 motion, which was denied. [DE-63, -65]. On March 5, 2014, Petitioner filed a motion for extension of time to file a § 2255 motion, which was denied. [DE-66, -67]. On June 18, 2014, counsel entered a notice of appearance on Petitioner's behalf [DE-70, -71], and on June 22, 2014, filed the instant § 2255 motion [DE-72]. On July 14, 2014, Petitioner filed a memorandum in support of his motion. [DE-77]. After receiving two extensions of time to respond [DE-80, -82], the Government filed a motion

2

to dismiss the petition [DE-83], to which Petitioner filed a response in opposition [DE-88].

## II. STANDARD OF REVIEW

**A.    28 U.S.C. § 2255**

After conviction and exhaustion or waiver of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). Where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, No. 7:05-CR-00097-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (unpublished) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

## B.     Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (internal quotation marks omitted)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## III. DISCUSSION

Petitioner asserts four grounds for relief in his § 2255 motion: (1) Petitioner's counsel

4

provided ineffective assistance by failing to investigate potential relevant conduct and not advising Petitioner during the plea negotiation process of potential sentencing enhancements; (2) Petitioner's counsel provided ineffective assistance at sentencing by not objecting to the type of drugs and drug weight attributed to Petitioner; (3) Petitioner's counsel provided ineffective assistance at sentencing by not arguing Petitioner's criminal history was overrepresented in the Presentence Report ("PSR") and by failing to object to sentencing enhancements not contained in the plea agreement; and (4) the Government failed to disclose all known relevant conduct known prior to entering into the plea agreement and breached the plea agreement by pursuing enhancements not contained in the plea agreement, and counsel was ineffective for failing to object to the Government's breach. Pet'r's Mot. [DE-72] at 4-8; Pet'r's Mem. [DE-77] at 10-18; Pet'r's Resp. [DE-88] at 2-7. The Government contends Petitioner's claims should be dismissed for failure to state a claim. Gov't's Mem. [DE-84] at 5-14.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the petitioner must overcome a "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). As to the prejudice component, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *See Strickland*,

466 U.S. at 697 (explaining "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "to address both components of the inquiry if the defendant makes an insufficient showing on one").

## A. The Plea Process

Petitioner contends his counsel provided ineffective assistance by failing to investigate potential relevant conduct and not advising Petitioner during the plea process of the potential sentencing enhancements he ultimately received. Pet'r's Mem. [DE-77] at 10-14. Petitioner asserts that he was not aware of the exposure he would face by pleading guilty to count one of the indictment, conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack), given the small amount of cocaine base he possessed when charged and the parties' position in the plea agreement that Petitioner's base offense level would be calculated based on less than 8.4 kilograms of cocaine base. *Id.* at 10. Although acknowledging the charge to which he pleaded guilty carried a penalty of 10 years to life imprisonment, Petitioner believed his sentence would be closer to 10 years, rather than the 480 months he received at sentencing, and from this concludes that his plea was not knowing and voluntary. *Id.* at 10, 12. Petitioner also questions whether his plea was knowing and voluntary based on his psychological problems and borderline intelligence, which were raised by sentencing counsel. *Id.* at 13. Petitioner asserts he would not have entered a guilty plea if he had known the actual exposure he was facing at sentencing. Pet'r's Mot. [DE-72] at 4. The Government contends Petitioner has procedurally defaulted this claim by failing to raise it on direct appeal and that the claim relies on facts contradicted by Petitioner's sworn statements made during his Rule 11 plea colloquy. Gov't's Mem. [DE-84] at 5-8. In response to

6

the Government's motion, Petitioner reasserts that he was not informed of any potential enhancements he would face at sentencing and would never have "stipulated to a 40-year sentence." Pet'r's Resp. [DE-88] at 2-5.

The Sixth Amendment provides a criminal defendant with the right to competent counsel that "extends to the plea-bargaining process." *Lafler v. Cooper*, — U.S. —, 132 S. Ct. 1376, 1384 (2012) (citation omitted). The *Strickland* test governs claims of ineffective assistance in plea bargaining. *Id.* (citation omitted). A showing of deficient performance in the plea-bargaining context, as with other types of ineffective assistance claims, requires a petitioner "show that counsel's representation fell below an objective standard of reasonableness." *Merzbacher v. Shearin*, 706 F.3d 356, 363 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 688). "Courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, in order to avoid the distorting effects of hindsight." *Id.* (internal quotation marks and citations omitted). "To establish such a claim with respect to a guilty plea, a person must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lewis v. United States*, No. 4:12-CR-00068-FL-2, 2015 WL 2401514, at *6 (E.D.N.C. May 20, 2015) (unpublished) (internal quotation marks omitted) (quoting *United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985))). "Surmounting *Strickland's* high bar is never an easy task in the guilty-plea setting." *Id.* (internal quotation marks omitted) (quoting *United States v. Dyess*, 730 F.3d 354, 361 (4th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010))). "Thus, [petitioner] must convince [the court] that the decision to go to trial would have been rational under the circumstances." *Id.* (internal quotation marks and citations omitted). "In this respect, petitioner's subjective preferences,

therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all the facts." *Id.* (internal quotation marks and citations omitted).

Assuming Petitioner's counsel failed to advise him regarding potential sentencing enhancements, he cannot show prejudice because the court fully advised him of his potential exposure during the Rule 11 colloquy. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) (rejecting claim that counsel was ineffective in advising defendant that by pleading guilty he would not be subjected to the career offender enhancement where the court corrected during the Rule 11 colloquy any misinformation defendant may have received from his attorney). "A defendant's sworn representations made at a plea hearing 'carry a strong presumption of verity' and 'constitute a formidable barrier against any subsequent collateral proceedings.'" *Lewis*, 2015 WL 2401514, at *5 (quoting *Blackledge v. Allison,* 431 U.S. 63, 74 (1977)). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Id.* (quoting *Mabry v. Johnson,* 467 U.S. 504, 508 (1984) (footnote omitted)). "[N]either Rule 11 nor the Due Process Clause requires that a defendant be informed of a likely sentence. Instead, defendants must be made aware of the minimum and maximum sentences they face, as well as the applicability of the Sentencing Guidelines." *United States v. Malone*, 478 F. App'x 50, 52 (4th Cir. 2012) (per curiam) (unpublished) (concluding plea was knowing and voluntary despite counsel's admission that he did not provide defendant with a rough estimate of the Guidelines range he faced and defendant received a 330-month sentence rather than the 15-year sentence he expected).

Here, prior to the entry of Petitioner's guilty plea, the court advised him that (1) he faced a potential maximum punishment of life imprisonment, Arraignment Tr. [DE-57] at 15:14-16-3; (2)

8

the court is not bound by any sentencing recommendations in the plea agreement, *id.* at 19:11-16; and (3) the court is not bound by the advisory Guidelines range when imposing a sentence, *id.* at 19:16-21. *See Ramirez-Morazan v. United States*, No. 5:11-CR-18-1H, 2014 WL 3110017, at *3 (E.D.N.C. July 7, 2014) (unpublished) ("Misinformation concerning sentencing does not satisfy the prejudice requirement where the record demonstrates that the petitioner was correctly advised of the maximum punishment applicable and he pleads guilty based on that information.") (citing *Foster*, 68 F.3d at 88); *Johnson v. United States*, No. 7:12-CR-19-FL-2, 2014 WL 2480193, at *3 (E.D.N.C. June 3, 2014) (unpublished) (rejecting claim of ineffective assistance of counsel based upon counsel's erroneous sentencing range prediction where the court informed petitioner of the maximum punishment he faced and that the Guidelines and recommendations in the plea agreement were not binding on the court); *Thomas v. United States*, No. 4:08-CR-00020-BR, 2012 WL 525535, at *2 (E.D.N.C. Feb. 16, 2012) (unpublished) (rejecting claim of ineffective assistance of counsel based on counsel's failure to properly advise petitioner regarding his sentencing exposure, because the court fully informed petitioner of the maximum penalties on each count to which he pleaded guilty) (citing *Foster*, 68 F.3d at 88). Accordingly, the court cured any error by counsel in advising Petitioner as to his exposure at sentencing, and Petitioner's claim of ineffective assistance of counsel in the plea process fails for lack of prejudice.

Petitioner has also failed to plausibly allege that his guilty plea was not knowing and voluntary based on his psychological problems and borderline intelligence. The court fully investigated Petitioner's mental competency at arraignment as demonstrated by the following exchange:

THE COURT: Mr. White, have you ever been treated for mental illness or drug

9

Case 2:11-cr-00028-FL   Document 93   Filed 11/18/15   Page 9 of 19

addiction?

THE DEFENDANT: Yes.

THE COURT: For what were you treated and how long ago?

THE DEFENDANT: I really don't know offhand.

THE COURT: Was it for mental health issues?

THE DEFENDANT: Yes, yes.

THE COURT: When was the last time you saw anyone, a doctor or any other professional, medical professional about those problems?

THE DEFENDANT: 2006.

THE COURT: 2006, so about five years ago?

THE DEFENDANT: Yes, sir.

THE COURT: Do you remember what the diagnosis was? I mean, why did you go see that health care professional?

THE DEFENDANT: I don't remember.

THE COURT: You don't remember? Do you remember did they prescribe any medication for you?

THE DEFENDANT: Yes.

THE COURT: Are you currently taking that medication?

THE DEFENDANT: No.

THE COURT: How long ago did you stop taking that medication?

THE DEFENDANT: Five or four years ago.

THE COURT: Four or five years ago?

THE DEFENDANT: Uh-huh.

10

THE COURT: Does the fact that you're not taking medication make it difficult for you to understand what's happening in court today?

THE DEFENDANT: Yes.

THE COURT: I'm sorry?

THE DEFENDANT: Oh, no.

THE COURT: Okay. So you said you stopped taking the medication four or five years ago and you haven't seen a doctor or health care provider about those mental health issues in five years or so. Does the fact that you haven't had any treatment for those medical issues, mental health issues make it difficult for you to understand what's happening in court today?

THE DEFENDANT: No.

THE COURT: And you're sure about that?

THE DEFENDANT: Yes.

THE COURT: All right. In the past 24 hours have you had any alcohol, prescription medications of any kind, drugs of any kind?

THE DEFENDANT: No, sir.

THE COURT: Do you feel like you understand what's happening in court today, Mr. White?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. White, do understand that in a few minutes I'm going to ask you to enter pleas [of] guilty or not guilty to some very serious charges; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. White, do you believe that those issues for which you received mental health treatment some five years ago, do those cause you any difficulty today in understanding what's happening in court?

THE DEFENDANT: No.

11

> THE COURT: Are you sure about that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. Ms. Adams, have you had any difficulty communicating with Mr. White or any reason to doubt his mental competency?
>
> MS. ADAMS: No, Your Honor.
>
> THE COURT: Mr. Bradsher, does the United States have any reason to doubt Mr. White's competency?
>
> MR. BRADSHER: No, Your Honor.
>
> THE COURT: Let the record reflect that the Court finds as fact that the Defendant Joey Lamar White is competent to appear, to understand the nature of these proceedings, and to ultimately enter pleas in this matter.

Arraignment Tr. [DE-57] at 10:10-13:9. Further, while Petitioner is correct that his sentencing counsel highlighted his mental health problems and borderline intellectual functioning at sentencing, there was no assertion that Petitioner was not competent to proceed or that his prior guilty plea was not knowing and voluntary. Sentencing Tr. [DE-55] at 21:10-27:6; *see also Lewis*, 2015 WL 2401514, at *6 ("[P]etitioner's claim that he was not competent to proceed, and that his counsel should have investigated further his competency, is belied by petitioner's statements regarding his ability to communicate and understand on the date of the arraignment."). Accordingly, the record demonstrates that Petitioner's guilty plea was knowing and voluntary, and it is recommended this claim be dismissed.

**B.   Sentencing**

Petitioner contends his counsel provided ineffective assistance at sentencing by not objecting to the type of drugs and the drug weight attributed to Petitioner, not arguing Petitioner's criminal history was overrepresented in the Presentence Report ("PSR"), and not objecting to sentencing

12

enhancements not contained in the plea agreement or the Government's breach of the plea agreement. Pet'r's Mem. [DE-77] at 14-18. The Government contends that Petitioner waived in the plea agreement these claims directly challenging the calculation of Petitioner's Guidelines range, that such claims are not cognizable on collateral review, and that Petitioner cannot satisfy *Strickland* with respect to these claims. Gov't's Mem. [DE-84] at 8-13. In response to the Government's motion, Petitioner contends counsel was unreasonable in withdrawing the objections to the sentencing enhancements and failing to address the issues of Petitioner's gang and violence patterns forming the basis for those enhancements. Pet'r's Resp. [DE-88] at 5-6.

"The failure of counsel to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel." *United States v. Breckenridge*, 93 F.3d 132, 136 (4th Cir. 1996) (citations omitted). The analysis of a claim that counsel was ineffective at sentencing requires application of the well-known *Strickland* two-part test, which requires the court to determine whether counsel's performance fell below an objective standard of reasonableness and whether the petitioner was prejudiced by the deficient representation. 466 U.S. at 690-91. In discussing the first prong of *Strickland*, the Supreme Court cautioned that "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. "We are obligated by law to make every effort to avoid the distorting effects of hindsight, and we should evaluate [counsel's] performance from counsel's perspective at the time of the alleged error and in light of all the circumstances." *United States v. Roane*, 378 F.3d 382, 410 (4th Cir. 2004) (internal quotation marks and citations omitted). "In any ineffectiveness case, a particular decision not to

investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. Ultimately, however, "[i]n every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Id.* at 969.

At sentencing, Petitioner's counsel objected to the base offense level of 38 calculated in the PSR, arguing instead for use of the stipulated drug weight in the plea agreement, which would result in a base offense level of 36. Sentencing Tr. [DE-55] at 6:23-25; PSR [DE-42] at 20 ¶ 2. The court allowed the objection and reduced Petitioner's base offense level to 36. Sentencing Tr. [DE-55] at 18:1-4. Accordingly, Petitioner's claim has no merit where counsel argued for and achieved that to which Petitioner stipulated in the plea agreement, and it is recommended the claim be dismissed.

The record further demonstrates that counsel investigated Petitioner's criminal history and grounds for the sentencing enhancements related to Petitioner's possession of a gun, use of violence, and role as a manager or supervisor, obtaining an authorization of funds from the court to hire an investigator to do so. [DE-30, -31]. Counsel lodged PSR objections to these enhancements, PSR [DE-42] at 20-21 ¶¶ 3-5; however, at sentencing Petitioner withdrew the objections as a matter of strategy in an attempt to preserve the point reduction for acceptance of responsibility, Sentencing Tr. [DE-55] at 12:8-20. The reasonableness of this strategical decision is reflected in the court's allowance of a two-point acceptance of responsibility reduction, over the Government's objection, and in the court's comments at sentencing regarding the facial merit of the sentencing enhancements:

> Now you have pleaded guilty. And I am very inclined to -- to recognize the efficiencies and the time that has been saved for the Government, for The Court, as I reflect on -- on those two points. But, there are a lot of other objections here that,

14

> based on what I know, if -- if they were before me, I'd pretty quickly overrule them, you know, this managerial role, from what's presented. Of course, I would hear you and consider any evidence that would be offered, but it looks more than appropriate.
>
> Also, the enhancement for use of violence. You know, the PSR states that you ordered fellow incarcerated gang members to kill another inmate for snitching to law enforcement about your drug trafficking and gang-related activities. The PSR notes that you designated shooters to discharge firearms into an occupied property or vehicle, or to shoot or kill targeted people. This enhancement is very appropriate, based on what I -- what's presented here. And the two-point enhancement for possession of a firearm, well the Probation Officer did improperly reference 2B1.1(b)(1). The officer meant to say "2D1.1(b)(1)," as I understand it. And that provision is endorsing an enhancement if a dangerous weapon, including a firearm was possessed in connection with a drug trafficking offense.
>
> And here, the PSR states that you always carried a firearm during your drug transactions. You stored your firearms and drugs at the home of an addict. You were arrested on two occasions while in possession of both controlled substances and firearms. It would be very difficult, I think, to mount a credible showing that you didn't possess a firearm.

*Id.* at 13:3-14-7. Petitioner has proffered no support for his bare assertion that his criminal history was overrepresented in the PSR, and counsel argued for a variance and below-Guidelines sentence based largely on Petitioner's mental health problems and borderline intellectual functioning. Pet'r's Sentencing Mem. & Mot. for Variance [DE-39]; Sentencing Tr. [DE-55] at 21:10-29:3. Moreover, Petitioner independently affirmed his desire to withdraw his objections to the sentencing enhancements. Sentencing Tr. [DE-55] at 18:5-19:2. Accordingly, Petitioner's claim has no merit where counsel investigated Petitioner's criminal history and made a reasonable, and successful, strategic decision to withdraw meritless objections to sentencing enhancements in order to preserve the two-point acceptance of responsibility reduction, and it is recommended this claim be dismissed.

Finally, counsel was not ineffective for failing to object to the Government's purported breach of the plea agreement and prosecutorial misconduct, because Petitioner has failed to

15

sufficiently allege any such breach or misconduct. To establish prosecutorial misconduct, Petitioner must demonstrate the prosecutor's conduct was improper and that the misconduct prejudicially affected Petitioner's substantial rights. *United States v. Kennedy*, 372 F.3d 686, 696 (4th Cir. 2004) (citing *United States v. Derrick*, 163 F.3d 799, 807-08 (4th Cir. 1998)). Petitioner contends that the Government breached the plea agreement by failing to disclose relevant conduct—including his involvement in the Gangsta Killa Bloods and the facts underlying the sentencing enhancements related to Petitioner's possession of a gun, use of violence, and role as a manager or supervisor—beyond that presented in the factual basis prior to entry of Petitioner's guilty plea. Pet'r's Mem. [DE-77] at 14-18; Pet'r's Resp. [DE-88] at 6-7. Petitioner has procedurally defaulted his underlying claim that the Government committed prosecutorial misconduct by breaching the plea agreement when it failed to disclose in the factual basis for the plea agreement at arraignment all relevant conduct later utilized by the court at sentencing, because Petitioner failed to raise this argument on appeal and has made no plausible allegation of actual innocence or cause and prejudice. *See Jones v. United States*, No. 2:12-CR-19-D, 2014 WL 6460582, at *2 (E.D.N.C. Nov. 17, 2014) (unpublished) (concluding claim that the Government breached the plea agreement by "permitting the court at sentencing to use Jones's unprotected admissions that he made shortly after his arrest but before he signed a plea agreement concerning his drug dealing" was procedurally defaulted where it was not raised on direct appeal), *appeal dismissed*, 600 F. App'x 131 (4th Cir. 2015).

Petitioner's claim that the Government committed prosecutorial misconduct by breaching the plea agreement also lacks merit. Petitioner has failed to cite any provision of the plea agreement or case law requiring the Government to have disclosed all relevant conduct to be used at sentencing in the factual basis for the plea agreement. *See Dixon v. United States*, No. 1:05CR173-1, 2009 WL

16

306981, at *1 (M.D.N.C. Feb. 9, 2009) (unpublished) (rejecting claim that attorney provided ineffective assistance of counsel by failing to object to the use of a enhancement that was not part of the factual basis supporting Petitioner's guilty plea and not included in the plea agreement, because "sentencing enhancements under the Guidelines do not have to be alleged in the indictment, made part of the factual basis or plea agreement, or proven beyond a reasonable doubt because the Guidelines are advisory in nature.") (citing *United States v. Booker*, 543 U.S. 220 (2005)), *mem. and recommendation adopted by* 2009 WL 2382758 (M.D.N.C. Mar. 30, 2009), *appeal dismissed*, 329 F. App'x 507 (4th Cir. 2009). Furthermore, the plea agreement specifically provides that the Government will not "withhold from the United States Probation Office any evidence concerning relevant conduct." Plea Agreement [DE-21] ¶ 4.f.; *Best v. United States*, No. 5:08-CR-286-FL, 2013 WL 1881028, at *5 (E.D.N.C. May 3, 2013) (unpublished) ("Where the plea agreement specifically provided that the government would not withhold any evidence concerning relevant conduct, the government's providing such evidence concerning relevant conduct does not constitute breach."), *appeal dismissed*, 541 F. App'x 327 (4th Cir. 2013).

Finally, the record fails to support Petitioner's assertion in response to the Government's motion to dismiss that the Government attempted to punish Petitioner for failing to cooperate. Pet'r's Resp. [DE-88] at 7. The parties stipulated to a downward adjustment of 3 levels for acceptance of responsibility in the plea agreement. Plea Agreement [DE-21] ¶ 5.a. However, at sentencing the Government argued that Petitioner was not entitled to any reduction because the Government received evidence that Petitioner had continued to participate in and direct drug activities from jail and law enforcement believed Petitioner discouraged another individual from cooperating, in addition to failing to provide any cooperation himself, after the signing of his plea

17

agreement. Sentencing Tr. [DE-55] at 8:6-10:17. Petitioner's counsel stated that he did not contest factually the Government's position that after the plea agreement was signed Petitioner made phone calls, but rather asserted that Petitioner thereafter ceased such activity. Sentencing Tr. [DE-55] at 19:18-20:2. Under the plea agreement, the Government was no longer bound to its position regarding the acceptance of responsibility adjustment "if Defendant's conduct prior to the sentencing changes the circumstances with respect to any such factors . . . ." Plea Agreement [DE-21] ¶ 5. The record simply does not support Petitioner's assertion that the Government attempted to punish him for failing to cooperate where the plea agreement provided grounds for the Government to change its position based on Petitioner's continued criminal conduct subsequent to the signing of the plea agreement. Furthermore, in light of Petitioner's failure to sufficiently allege a breach of the plea agreement by the Government, it cannot be said that counsel was ineffective in failing to raise the meritless argument that the Government committed a breach. *See Ford v. Polk*, No. 5:07-HC-2070-FL, 2008 WL 697462, at *11 (E.D.N.C. Mar. 14, 2008) (unpublished) ("Failure to raise a meritless claim does not fall below 'an objective standard of reasonableness.'") (citations omitted). Accordingly, Petitioner's claim for prosecutorial misconduct and his related ineffective assistance of counsel claim lack merit, and it is recommended they be dismissed.

## IV. CONCLUSION

Based on the foregoing, it is RECOMMENDED that the Government's motion to dismiss [DE-83] be ALLOWED and Petitioner's § 2255 motion [DE-72] be DENIED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **December 2, 2015** to file written objections to the Memorandum and Recommendation. The presiding district judge must

18

Case 2:11-cr-00028-FL   Document 93   Filed 11/18/15   Page 18 of 19

conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b). Any response to objections shall be filed by within **14 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SUBMITTED, this the _18_ day of November 2015.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

19

Case 2:11-cr-00028-FL   Document 93   Filed 11/18/15   Page 19 of 19