IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:11-CR-28-FL
NO. 2:14-CV-37-FL

| | |
|---|---|
| JOEY LAMAR WHITE, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255") (DE 72), and the government's motion to dismiss (DE 83), to which petitioner filed a response in opposition. Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") (DE 93), wherein it is recommended that the court deny petitioner's § 2255 motion and grant the government's motion to dismiss. Petitioner timely filed objections to the M&R (DE 94), and the government did not file a response. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the M&R, denies petitioner's § 2255 motion, and grants the government's motion to dismiss.

**STATEMENT OF THE CASE**

On October 11, 2011, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute more than 280 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (DE 19). On September 4, 2012, petitioner was sentenced to

480 months of imprisonment and 5 years of supervised release. (DE 48). Petitioner appealed his sentence; his sentence was affirmed, and the appeal was dismissed on August 14, 2013. (DE 62).

On June 22, 2014, petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner supported his motion on four grounds: 1) counsel provided ineffective assistance with regard to the parties' plea agreement by failing to investigate potential relevant conduct and advise of potential sentencing enhancements; 2) counsel provided ineffective assistance at sentencing by not objecting to the type of drugs and drug weight attributed to petitioner; 3) counsel provided ineffective assistance at sentencing by not arguing petitioner's criminal history was over represented in the Presentence Investigation Report, and by failing to object to sentencing enhancements not contained in the plea agreement; and 4) the government failed to disclose all known relevant conduct prior to entering into the plea agreement, the government breached the plea agreement by pursuing enhancements not contained in the plea agreement, and counsel was ineffective for failing to object to the government's breach. On October 24, 2014, the government moved to dismiss for failure to state a claim pursuant to Federal Civil Procedure Rule 12(b)(6).

Upon review by the magistrate judge, the M&R recommended to the court that petitioner's § 2255 motion be denied, and that the government's motion to dismiss be granted. (DE 93). Petitioner objects to the M&R's treatment of the first ground for his § 2255 motion; he argues that his guilty plea was not entered knowingly and voluntarily where counsel provided ineffective assistance by failing to investigate petitioner's mental competency at arraignment, and by failing to advise petitioner of potential sentencing enhancements, specifically the potential for a 40-year term of imprisonment. (DE 94).

## STATEMENT OF THE FACTS

A number of different attorneys have represented petitioner throughout various stages of this case. During plea negotiations and arraignment, counsel Gale M. Adams represented petitioner. (DE 14, 23). During sentencing and appeal, counsel Lawrence H. Brenner represented petitioner. (DE 24, 68). In the instant § 2255 motion, counsel Christopher M. Young and Natalie C. Watson currently represent petitioner. (DE 70, 71).

Petitioner's argument focuses upon counsel Adams's conduct during plea negotiations and arraignment in 2011, although it relies upon information gathered by counsel Brenner in preparation for sentencing in 2012. At petitioner's sentencing hearing, counsel Brenner described a number of mental health issues possibly affecting petitioner that may have contributed to petitioner's past criminal behavior. (DE 55, 21:10–27:6). For example, counsel Brenner listed psychothymic disorder, a form of bipolar disorder; attention deficit disorder; and an intelligence quotient ("I.Q.") between 70 and 84.[1] (Id. 22:9–14, 23:1–3, 23:19). Counsel Brenner based his opinion upon his own observations of petitioner and an evaluation performed by a prison counselor. (Id. 21:14–22:4).

Before sentencing, petitioner's mental health first was discussed at his 2011 arraignment before Magistrate Judge David W. Daniel. During his plea colloquy, petitioner told the magistrate judge that he received treatment for a mental health issue approximately five years ago, but that he could not recall the diagnosis. (DE 57, 10:10–11:3). Petitioner added that he stopped taking any medication for the issue approximately four to five years prior to that. (Id. 11:6–13). Petitioner told the magistrate judge that the previous mental health issue had no effect upon his current mental competency at the time of his arraignment, and that he understood everything that was happening

---

[1] At petitioner's sentencing hearing, counsel Brenner said, "[petitioner's] IQ was between 70 and 84, probably closer to 70. . . . [A]t 69, under the DSM, you're mentally retarded." (DE 55, 23:19–21).

3

in court. (Id. 11:20–12:4, 12:17–23, 12:9–16).

The terms of petitioner's plea agreement, and factors bearing on potential sentencing enhancements, also were discussed at his arraignment. The magistrate judge advised petitioner that "the maximum statutory punishment you might receive is a minimum of ten years up to a potential maximum of life imprisonment," and that "any sentencing recommendations in the plea agreement . . . are just that, recommendations and . . . . [the court may] impose whatever sentence she believes to be just and proper irrespective of any agreements." (Id. 15:19–21, 19:13–22). Petitioner acknowledged that he understood the magistrate judge's explanation of these points, and that he understood all terms contained within the parties' plea agreement. (Id. 17:1–4).

Prior to entering his plea, petitioner indicated that counsel Adams had answered all of his questions concerning the plea agreement. (Id. 20:1–13). On her part, counsel Adams told the magistrate judge that while representing petitioner she had no difficulty communicating with him, and that at the time of arraignment she had no reason to doubt his mental competency. (Id. 12:24–13:2). The assistant U.S. attorney for the government agreed also that he had no reason to doubt petitioner's mental competency. (Id. 13:3–5). Accordingly, the magistrate judge found as a fact that petitioner was "competent to appear, to understand the nature of these proceedings, and to ultimately enter pleas in this matter." (Id. 13:6–9).

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a

4

specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b).

B.  Analysis

Petitioner argues that entry of his plea at arraignment, pursuant to the plea agreement, was not knowing and voluntary because he received ineffective assistance of counsel in two respects. First, petitioner asserts that counsel failed to investigate sufficiently the issue of petitioner's mental competency. Second, petitioner asserts that counsel failed to advise him of potential sentencing enhancements, specifically the potential for a 40-year term of imprisonment. After presenting the standard for ineffective assistance of counsel in the context of plea agreements, the court addresses

5

each argument in turn.[2]

    1.    Ineffective Assistance of Counsel Standard

A successful claim for ineffective assistance of counsel requires petitioner to show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995) (quoting Strickland v. Washington, 466 U.S. 668, 668, 694 (1984)).

"Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [opposing party] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. "The law [ ] requires not perfect but only professionally reasonable performance of counsel." Poyner v. Murray, 964 F.2d 1404, 1423 (4th Cir. 1992). "[W]hen counsel's assumptions are reasonable given the totality of the circumstances and when counsel's strategy represents a reasonable choice based upon those assumptions, counsel need not investigate lines of defense that he has chosen not to employ at trial." Strickland, 466 U.S. at 681.

A plea colloquy "affords the [government] substantial protection against later claims that the plea was the result of inadequate advice." Missouri v. Frye, 132 S. Ct. 1399, 1406 (2012). "A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath."

---

[2] Petitioner does not object to the M&R's recommendation that the other three bases for petitioner's § 2255 motion should fail. Having reviewed the M&R's analysis on these points for clear error, and finding none, see Diamond, 416 F.3d at 315; Camby, 718 F.2d at 200, the court adopts as its own the M&R's recommendation to reject all three bases, and the government's motion to dismiss is granted with respect to those bases.

Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Only under "extraordinary circumstances"—such as where the petitioner alleges "an involuntary plea, . . . mistaken advice from constitutionally ineffective counsel, a plea agreement that does not contradict the defendant's understanding, and a Rule 11 colloquy that also fails to negate the erroneous advice provided by constitutionally ineffective counsel"—will a claim of ineffective assistance of counsel at plea be granted. United States v. White, 366 F.3d 291, 300 (4th Cir. 2004). "[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005) (internal quotations omitted); see also Little v. Allsbrook, 731 F.2d 238, 240 (4th Cir. 1984) ("In the absence of clear and convincing evidence to the contrary, [petitioner] must be bound by what he said at the time of his plea.").

In order to satisfy the "prejudice" requirement in the context of a petitioner's entry of a guilty plea, "the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "[W]here the alleged error of counsel is a failure to investigate . . . the determination whether the error 'prejudiced' the defendant . . . will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." Id.

With regard to the objective standard of reasonableness, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, . . . on information supplied by the defendant.

7

In particular, what investigation decisions are reasonable depends critically on such information." Strickland, 466 U.S. at 691.

"[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in [sequential] order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. In other words, the court may begin its inquiry with either prong of the Strickland test: whether counsel provided objectively reasonable representation to petitioner, or whether counsel's alleged conduct prejudiced petitioner. See id. at 690; Hill, 474 U.S. at 59.

2. Ineffective Assistance of Counsel with Regard to Plea

a. Investigation of Mental Competency

"In order to obtain relief on a claim for failure to investigate a petitioner's mental competency, a petitioner must demonstrate a reasonable probability that he was mentally incompetent at the time of the crime or his plea." Garrett v. United States, No. 5:08-CR-175-FL, 2013 WL 1694671, at *2 (E.D.N.C. Apr. 18, 2013); see also Felde v. Butler, 817 F.2d 281, 281 (5th Cir. 1987). Previous mental illness and a below-average I.Q., without more, do not automatically render a petitioner unable to enter a knowing and voluntary plea agreement. For example, in Warford v. United States, No. 7:11-CR-136-FL, 2014 WL 793319 (E.D.N.C. Feb. 26, 2014), the court considered a petitioner's objection "that he is mentally ill and has an I.Q. level below 55, and therefore was not mentally capable of entering into a knowing and voluntary plea agreement." Id. at *4. In that case, the court found the petitioner's argument was "flatly contradicted by petitioner's statements at arraignment. . . . [where] the court asked petitioner numerous questions . . . and carefully confirmed his ability to understand the proceedings." Id.; see also Lewis v. United States,

8

No. 4:12-CR-68-FL-2, 2015 WL 2401514, at *6 (E.D.N.C. May 20, 2015) ("Petitioner's claim that he was not competent to proceed, and that his counsel should have investigated further his competency, is belied by petitioner's statements regarding his ability to communicate and understand on the date of the arraignment.").

Applying these principles, it is evident that petitioner's claim of mental incompetence is refuted by his own sworn statements during arraignment. During plea colloquy, petitioner responded intelligently and succinctly to all of the magistrate judge's questions in eliciting his background, his awareness of the proceedings, his understanding of the plea agreement, his satisfaction with counsel Adams, and the knowingness and voluntariness of his plea. (DE 57, 10:10–11:3, 11:20–12:4, 12:9–23). Additionally, petitioner specifically informed the magistrate judge that although he had been diagnosed with an unspecified mental health issue five years earlier, he had ceased taking any medication for the issue approximately four to five years ago, and it had no effect upon his ability to think or understand at the time of arraignment. (Id. 10:10–11:3, 11:6–13, 11:20–12:4). Finally, petitioner's I.Q. of 70 to 84, although lower than average, is insufficient to show he was not competent to understand the plea agreement and to enter his plea. See Warford, 2014 WL 793319, at *4.

Considering the magistrate judge's careful examination of petitioner at the time petitioner entered his plea, it is apparent that petitioner understood the proceedings, and was fully capable of consulting with counsel Adams about the plea agreement. Accordingly, petitioner has failed to demonstrate a reasonable probability that he was mentally incompetent at the time of his plea. See Garrett, 2013 WL 1694671, at *2. Thus, counsel Adams's decision not to investigate petitioner's mental competency was objectively reasonable in light of petitioner's demonstrated ability to

9

understand the nature and consequences of pleading guilty pursuant to his plea agreement. See id.; see also United States v. Moussaoui, 591 F.3d 263, 291 (4th Cir. 2010).

Petitioner's argument centers not on the reasonableness of counsel Adams's conduct, but rather upon counsel Brenner's description at sentencing of petitioner's "borderline intelligence." (DE 55, 15:22). However, "borderline intelligence" at sentencing does not demonstrate petitioner lacked mental competency during arraignment. See Garrett, 2013 WL 1694671, at *2 ("[P]etitioner must demonstrate a reasonable probability that he was mentally incompetent at the time of . . . his plea.") (emphasis added). Moreover, petitioner fails to show that his below-average I.Q. prohibited him from entering a knowing and voluntary plea. See Warford, 2014 WL 793319, at *4. Petitioner provides no authority in support of this proposition, and even petitioner's current counsel acknowledges in his supporting memorandum that petitioner "eventually said he understood what was happening in court."[3] (DE 94, 2).

For the foregoing reasons, the court finds that petitioner has not presented any evidence to support a finding that counsel Adams acted unreasonably with respect to her investigation of petitioner's mental competency, and therefore petitioner has not satisfied the first prong of the Strickland test. See Strickland, 466 U.S. at 687–88 ("[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness."). Accordingly, the court denies petitioner's ineffective assistance of counsel claim with regard to counsel Adams's investigation of relevant conduct.

---

[3] Petitioner's supporting memorandum states that petitioner gave this response during arraignment before this court. (DE 94, 2). However, Magistrate Judge Daniel conducted petitioner's arraignment; this court conducted petitioner's sentencing. The transcripts show that petitioner gave this response before the magistrate judge at arraignment, not before this court at sentencing. (DE 57, 12:9–11).

10

b. Advisement of Potential Sentencing Enhancements

Petitioner asserts counsel Adams provided ineffective assistance where she failed to inform him of potential sentencing enhancements he might face if he pleaded guilty pursuant to the plea agreement, specifically the potential for a 40-year term of imprisonment.

"If the information given by the court at the Rule 11 hearing corrects . . . earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (internal quotations omitted); see also United States v. Craig, 985 F.2d 175, 179–80 (4th Cir. 1993) ("[M]is-advice given on relative sentencing possibilities . . . could not be considered the 'but-for' cause of [the defendant]'s guilty plea . . . . [where the defendant] ultimately entered his plea based on risk information given him by the sentencing court."). "[N]either Rule 11 nor the Due Process Clause requires that a defendant be informed of a likely sentence. Instead, defendants must be made aware of the minimum and maximum sentences they face, as well as the applicability of the Sentencing Guidelines." United States v. Malone, 478 F. App'x 50, 52 (4th Cir. 2012); see also Fed. R. Crim. P. 11(b)(1)(H), (I), (M). In sum, if the court "properly informed [the defendant] of the potential sentence he faced, he could not be prejudiced by any misinformation his counsel allegedly provided him." Foster, 68 F.3d at 88.

Prior to petitioner's entry of his guilty plea under count one of the plea agreement, the magistrate judge informed petitioner that count one carried, among other penalties, "a minimum of ten years up to a potential maximum of life imprisonment." (DE 57, 15:17–21). After confirming that petitioner understood "the terms, language, and words and meaning of everything in th[e] plea

agreement," the magistrate judge explained to petitioner application of the Sentencing Guidelines, specifically that the court is "free to establish whatever advisory sentencing guideline range she believes to be correct and to impose whatever sentence she believes to be just and proper irrespective of any agreements you have." (Id. 19:11–22). Petitioner confirmed that he understood the magistrate judge, that he had no further questions, and that he needed no additional time to think about his plea. (Id. 20:1–13).

Petitioner's argument that counsel Adams provided ineffective assistance where she failed to warn him of the potential for a 40-year sentence of imprisonment stands in direct contradiction to petitioner's sworn statements during his arraignment. See Bradshaw, 545 U.S. at 183 ("A defendant's solemn declaration in open court affirming a plea agreement carry a strong presumption of verity."). Furthermore, even if counsel Adams did misadvise petitioner of potential sentencing enhancements, the magistrate judge properly advised petitioner of the nature and consequences of his plea, and petitioner acknowledged that he understood them before entering his plea.

Accordingly, the magistrate judge's proper advice cured any alleged error by counsel Adams in advising petitioner as to his potential sentence. See Foster, 68 F.3d at 88; Craig, 985 F.2d at 179–80. Therefore, petitioner fails to show prejudice required to satisfy the second prong of the Strickland test where his plea was not prejudiced by counsel Adams's alleged ineffective assistance. See Strickland, 466 U.S. at 694 ("[Petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty."). For the foregoing reasons, the court denies petitioner's ineffective assistance of counsel claim with regard to counsel Adams's advice concerning potential sentencing enhancements.

C.  Certificate of Appealability

A § 2255 petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or show the issues presented are "adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented in the § 2255 motion in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Based on the foregoing reasons, upon de novo review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court ADOPTS the recommendation of the magistrate judge as set forth herein. The government's motion to dismiss (DE 83) is GRANTED, and petitioner's motion to vacate, set aside,

13

or correct (DE 72) is DENIED.  A certificate of appealability is DENIED, and the clerk is DIRECTED to close this case.

    SO ORDERED, this the 24th day of February, 2016.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge